## COMMONWEALTH *versus* HIRAM WARD and two others.

### Indictment for a conspiracy.

THIS was an indictment against " *Hiram Ward, Edmund Roberts,* and *Nathaniel Reed,* all *now* residing in *Portland,* traders," stating that they, being wicked and evil-disposed persons, and unjustly devising and intending to defraud one *William P. Davis* of said *Portland,* trader, of his moneys, goods, and merchandise, on the 13th day of April last past, at *Portland* aforesaid, in the county aforesaid, with force * and arms, falsely, fraudulently, and un- [ * 474 ] awfully, did conspire, combine, confederate and agree among themselves to obtain, acquire, and get into their hands and possession, of and from the said *William P. Davis,* his goods and merchandise upon credit, and then to abscond out of this commonwealth, and defraud him thereof ; and the said *Ward, Roberts,* and *Reed,* in pursuance of, and according to the conspiracy, combination, confederacy, and agreement, so as aforesaid had between them, then and there falsely, fraudulently, unlawfully, and deceitfully, did pretend to the said *William P. Davis,* that they, the said *Ward* and *Roberts,* were about to open a retail grocery-store in the said town of *Portland,* for the vending and disposing of sundry goods and merchandise, in that business and employment, for the term of one year, next following the 13th day of April aforesaid, at least, and that they had contracted for and actually hired a convenient store in said town of *Portland,* for that purpose ; and the said *Ward* and *Roberts,* in pursuance of the conspiracy, combination, confederacy, and agreement, aforesaid, so as aforesaid had between them and the said *Reed,* did then and there request the said *William P. Davis,* to furnish them with the following goods and merchandise, upon credit, *viz.:* one pipe of *Geneva,* one pipe of *Brandy,* one barrel of *Sugar,*

one barrel of *Cherry-rum*, and one hundred pounds weight of *Copperas*, all of the value of 320 dollars; that the said *William P Davis*, giving credit to the false, fraudulent and deceitful practices and affirmations of the said *Ward* and *Roberts*, did, then and there furnish and deliver to them the goods and merchandise aforesaid, upon credit, *viz.*, one quarter part thereof to be paid for upon the delivery of the same, and the other three quarters to be [ * 475 ] paid for in sixty days from the delivery of * the same; whereas, in truth and in fact, the said *Ward, Roberts*, and *Reed*, or either of them, never intended to open a retail grocery-store, for the vending and disposing of goods and merchandise in that business in the said town of *Portland*, for the space of one year, or for any other length of time whatever; but were then and there idle, dissolute and vagrant persons, wholly unable to pay the said *Davis* for his said goods and merchandise, and then and there, in pursuance of and according to the conspiracy, combination, confederacy, and agreement, aforesaid, obtained the possession of and credit for the same as aforesaid, for the purpose of cheating and defrauding the said *Davis* thereof, and after having obtained the possession of said goods as aforesaid, to sell the same at an under price, and greatly below the real value thereof, and before the expiration of the said sixty days, falsely, fraudulently, deceitfully and secretly, to withdraw themselves out of the commonwealth, and abscond to places unknown to the said *William P. Davis.*"

The indictment concluded—" And so the jurors aforesaid, upon their oath aforesaid, do say that the said *Ward, Roberts*, and *Reed*, in manner aforesaid, and according to the conspiracy, combination, confederacy, and agreement, aforesaid, him, the said *William P. Davis*, of the goods and merchandise aforesaid, then and there did cheat and defraud, in evil example to all others in like case to offend, and against the peace and dignity of the commonwealth aforesaid.'

The defendants pleaded not guilty.

In this case, the defendants were all found guilty, and were sentenced to six months' imprisonment, and to find security for their good behavior for the term of two years thereafter.

[ * 476 ]    * *Solicitor-General (Davis)* for the prosecution.

*Chase, P Mellen*, and *Longfellow*, for the defendants.

NOTE.—I have stated the indictment and judgment in the foregoing case, because it was expected that there would have been a motion in arrest of judgment, on the ground that the indictment did not charge any crime. If such had been the intention of the counsel for the defendants, it is supposed that it was abandoned from attending to the cases of *Regina* vs. *Mackarty & Al.*, 2 Ld. Ray. 1179, and *Rex* vs. *Wheatly*, 2 Bur. 1125. For the indictment in the first of these cases, *vide* 3 Ld. Ray. 325. *Vide* also 2 East. 30, *Rex* vs. *Airey.*